IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT WEBBER,
                Plaintiff,

vs.

THE BOARD OF COUNTY COMMISSIONERS
FOR CURRY COUNTY, NEW MEXICO, a political sub-division of
The State of New Mexico, TORI SANDOVAL, in her
Official capacity as Administrator of the
Curry County Detention Center, and individually,
JONATHAN KING, individually,
                Defendants              No. _____

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff Robert Webber, by and through his undersigned attorney Eric D. Dixon, Attorney and Counselor at Law, P.A., Portales, New Mexico, and for his Civil Complaint for Damages and Demand for Jury Trial states:

**I.    JURISDICTION AND VENUE**

1. All of the material acts or omissions complained of herein occurred in Curry County, New Mexico.

2. This Court has concurrent jurisdiction over both the state and federal claims set forth herein. See, *Haywood v. Drown,* 556U.S.729, 731(2009)("In our federal system a government, state as well as federal courts has jurisdiction over suits brought pursuant to 42 U.S.C. §1983, the statute creates a remedy for

1

violations of federal rights committed by persons acting under color of state law."); N.M. Const. art. VI, §3.

3. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation of rights secured to Robert Webber under the Eighth and Fourteenth Amendments to the Constitution of the United States of America, as well as pursuant to the laws of the State of New Mexico.

4. The jurisdiction of this court is founded upon 28U.S.C. §1331, 28U.S.C. §1334; and 28U.S.C.§1367.

5. The actions and events complained of herein took place in the County of Curry, State of New Mexico and are within the venue of the court.

## II. PARTIES

6. Plaintiff Robert Webber was at all times material to this complaint a citizen of the United States, City of Clovis, County of Curry, State of New Mexico.

7. Defendant Curry County Board of County Commissioners (hereinafter referred to as "Curry County") is a political sub-division of the State of New Mexico consisting of five (5) member Board of Commissioners. The Curry County Board of County Commissioners is a governmental entity and local public body as those terms are defined in the New Mexico Tort Claims Act, NMSA 1978 §§41-4-3(B) and (C). Thus, the Curry County Board of County Commissioners may sue or

be sued in its name, and has the authority to delegate to the Curry County Detention Center and its Administrator Tori Sandoval, final policy and decision-making authority regarding operation of the detention center on a daily basis. Defendant Curry County Board of County Commissioners is a political subdivision of the State of New Mexico and is a "person" under 42U.S.C. §1983. The Curry County Board of County Commissioners may be served with summons care of Rosalie Riley, Curry County Clerk, 700 North Main Street, Suite 7, Clovis, New Mexico, 88101.

8.      Defendant Tori Sandoval was at all times relevant to the Complaint either the Acting Curry County Detention Center Administrator or permanent Detention Center Administrator and in that position had the authority under state law and practice of that county, to develop and oversee policies, practices and customs of the Detention Center, and for the hiring, screening, training, supervision and discipline of employees and officers of the Detention Center. As Detention Center Administrator Sandoval was responsible for developing policies, practices and customs relating to administration of the Detention Center. Among other duties, she was responsible for hiring, disciplining, training and termination of detention officers and supervisory staff. At all times material Defendant Tori Sandoval was a public employee as those terms are defined in the New Mexico Tort Claims Act

§§41-4-3(D) and (F) (2) NMSA 1978. At all times material hereto, Defendant Sandoval was acting under color of law and within the scope of her duties as Administrator of the Curry County Detention Center. At all times material hereto, Defendant Sandoval was the supervisor of Defendant King.

9. At all times material hereto, Defendant Sandoval was responsible for the hiring, training and supervision of subordinate detention officers of the Curry County Detention Center. At all times material hereto, Defendant Sandoval was the final decision maker and policy maker for the Curry County Detention Center. She is sued individually and in her official capacity. She is the 14th Curry County Jail Administrator in as many years.

10. Defendant Jonathan King was at all times relevant to this Complaint a Correctional Officer employed by the Curry County Board of County Commissioners at the Curry County Adult Detention Center. Defendant King was a full-time salaried law enforcement officer and public employee as those terms are defined in the New Mexico Tort Claims Act, §§41-4-3(D) and (F)(2). At all times material hereto, Defendant King was acting under color of law and within the scope of his duties as a Correctional officer with the Curry County Detention Center. In connection with Plaintiff's §1983 claims, Defendant King is sued in his individual capacity only.

### III. FACTS

11.     The Curry County Board of County Commissioners adopted a written policy regarding the use of force in the Curry County Detention Facility on or about March 4th, 2014. The policy was approved by the Detention Administrator Tori Sandoval, and the County Commission Chair Frank Blackburn.

12.     The March 4th, 2014 written policy stated:

Chapter D: Security and Control, Use of Physical Force, A, 2:

A. Detention Officers shall use force only when necessary and fully justified by the circumstances. Officers are not to be restricted in the lawful discharge of their duties and they have a duty to use reasonable force when the necessity exists. However, detention officers shall refrain from using unnecessary force in the performance of their duty, and must not strike, shove, or push an inmate or any other person except when necessary in self-defense, the defense of others, to prevent damage to the facility, or to prevent an inmate from injuring himself.
2. Detention Officers shall not deliberately push, shove, bite, trop or otherwise cause an inmate to fall on the floors, walls or any object which could cause injury except where any officer of (sic) person is attacked and such action would be necessary to protect themselves or a third party from injury.

13.     On or about March 26th, 2015 Plaintiff was an inmate at the Curry County Adult Detention Center, 801 Mitchell Street, Pod 8 (segregation), in cell number 803.

14.     Plaintiff was placed in the segregation unit of the Curry County Detention Center as punishment for objecting to the water being turned off in POD four for

weeks at a time. He requested water after being denied water for up to two days, and was therefore moved in retaliation to the segregation pod.

15. On or about March 26th, 2015 Plaintiff put out his left arm out of the food port of the cell door with a cup in his hand and requested some juice from Defendant King.

16. Plaintiff was told no by Defendant King. Defendant King yelled at Plaintiff" "I'm not getting fxxxing juice."

17. The food port was then forced shut by Defendant King first by hand and then by forcibly kicking the food port door twice while Plaintiff's arm was still in the food port door. This caused Plaintiff severe pain and he is still suffering from the injuries sustained.

18. Defendant King's kicking the food port door shut on Plaintiff's arm caused severe trauma to Mr. Webber's left arm.

19. Plaintiff made an internal grievance about the incident on March 26th, 2015 but was ignored.

20. Plaintiff's request for immediate medical treatment was ignored and his injuries were not properly tended to by Defendants despite the painful injuries he sustained at the hands of King.

21. On March 30th, 2015 Tori Sandoval was personally present when Plaintiff was interviewed by the Curry County Sheriff's office regarding the incident. Tori Sandoval was personally aware of the facts surrounding the incident but did nothing to have Plaintiff properly treated, or classified even after March 30th, 2015. Plaintiff requested that Defendant Sandoval provide ice packs for his arm. Instead, he was given a medical release form to fill out. He made numerous medical requests and was finally given five days of Tylenol for his injuries.

22. Defendant King filed a false report claiming that his actions were not intentional.

23. Defendant King was ultimately terminated by the Defendant's for excessive use of force as a result of the incident.

24. Defendant Knight was charged with simple battery and given an unusually light sentence of a conditional discharge and 182 days of unsupervised probation on April 28th, 2015 with the knowledge and consent of Tori Sandoval.

25. Plaintiff's injuries were caused by the negligent, reckless and/or willful and wanton conduct of individual and supervisory officers, agents and employees of the Curry County Detention Center.

26. At all relevant times, Defendant Sandoval, knew or through the exercise of reasonable diligence should have known, of the dangerous conditions of Curry

County Detention Center Defendant acted in reckless disregard of, and with deliberate indifference to, the constitutional rights of Plaintiff, and others similarly situated, in failing to follow proper procedures with properly training employees in the use of force and in properly supervising employees. Defendant Sandoval employed cronyism/favoritism in promotion individuals instead of competence and merit. Defendant Sandoval has purchased over seven hundred dollars worth of badges for a Lieutenant (Wagner), who was moving as a gift in violation of County policy and is now under investigation for giving away County property and in fact has been reprimanded for her conduct.

27. Defendant Sandoval knew or should have known that the Curry County Correction Center was not designed to house detainees in segregation as punishment for voicing concern over lack of water.

28. Defendant Sandoval has continuously attempted to cover up wrong doing in the Detention Center including an investigation of a detention officer for bringing in contraband; flooding, toxic mold; and the abysmal conditions and threats of violence and violence against inmates and has continuously failed to hire, train and supervise her employees. The Detention Center is unsafe, unhealthy, dangerous place for inmates or any human being to be housed and has been referred to as a "house of horrors."

29. Defendants' acts and omissions constitute deliberate indifference to the substantial risk of serious harm facing Plaintiff and resulting in civil rights violations including but not limited to deprivation of his right to life and liberty without due process of law and cruel and unusual punishment.

30. As a result of the aforesaid incident, Plaintiff sustained serious permanent personal injuries including physical pain and suffering as well as mental and emotional pain, distress and anguish, and he has incurred other expenses and will continue to incur such expenses in the future.

### IV.  COUNT I

### VIOLATION OF WEBBER'S DUE PROCESS RIGHTS SECURED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983

**A.   Custom or policy of failure to train and/or supervise as to supervisory employee Sandoval.**

31. The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

32. Plaintiff's injuries were caused by lack of training and or supervision of Curry County Detention personnel. Defendant Sandoval reduced the required training for new hired Correctional Officers.

33. All of the detention officers hired by Sandoval have either quit or been fired during Sandoval's tenure.

34. The failure to properly train and supervise Curry County Detention personnel violated Plaintiff's rights and constituted deprivations of life and liberty without due process of law under the Fourteenth Amendment to the United States Constitution.

35. Defendant Sandoval has personal knowledge of prior reports of acts of violence that have been covered up by her employees including acts of aggravated battery, and assault. Defendant Sandoval has allowed these employees to remain employed at the Curry County Detention Center even though they had falsified reports. Defendant Sandoval had a habit, routine and practice of allowing officers to falsify reports of violence against inmates in order to cover the matter up and otherwise engaged in repeated acts of cover-up:

i. ● Has reemployed as a Captain an individual (Richard Benavides) despite the fact that during his first employment at the Detention Center inappropriate and sexually explicit letters from inmates were found in his locker as well as adult themed materials. Defendant Sandoval has refused to investigate these allegations in violation of Prison Rape Elimination Act (PREA).

ii. ●January 18th, 2013. Damien Apodaca had his skull fractured by a known dangerous and violent inmate despite his request to be moved before the assault and battery because of bureaucratic inertia. A Sergeant had to approve the change of cell for Mr. Apodaca and none was readily available.

iii. ●January 23rd, 2014. Daniel M. Murrell was severely beaten while in POD 3. Tori Sandoval and Deputy Administrator Lujan responded and Ms. Sandoval said that the inmate who beat Mr. Murrell should not have been in POD 3 in the first place.

iv. ●February 1st, 2014. Veronica Galvan was severely beaten by an inmate who was known to be violent and had threatened Ms. Galvan with violence due to her connection to a victim of a homicide. A law-suit is pending.(No. 2:14-CV-00619). The detention officer Redean Burbank has testified under oath that the facility was understaffed; that the Women's annex is dangerous to the staff and inmates because of the understaffing; that Tori Sandoval used favoritism in promotion of detention officers rather than competence; that detention officers falsified walk throughs at the annex endangering staff and inmates without any correctional officer being terminated.

v. ● July 14th, 2014. Two detention officers (Harrison and Stuart), tazed Ms. Youngquist twice despite the fact that she was offering absolutely no resistance

and then proceeded to strip search her without probable cause. The detention officers claimed in an official report regarding use of a taser gun that an inmate was resisting when in fact she was not resisting. These two individuals are still employed by the Defendant County and were not criminally prosecuted. A lawsuit has been filed by Ms. Youngquist (No. 15-CV-0077KG-SMV). A correctional officer (Weston Peasnall) who refused to cover up the wrongful conduct was forced out of his job and has now filed a Whistleblower Protection Act claim against the County (No. 15-CV-0077KG-SMV).

vi. ●November 20th, 2014. Jose Corral was forced to strip to his shorts and t-shirt. He requested permission to use the rest-room. A tazer was put to Mr. Corral's back by correctional officer Borjas and he was thrown to the floor and tazed in the back.

vii. ● January 13th, 2015 inmate Paul Apodaca was beaten by seven other inmates suffering nine stiches.

viii. ●February 7th, 2015 inmate Christopher Shields cell was flooded due to a water pipe burst for the toilet/sink. Disparaging comments were made by Sgt. Borjas that Mr. Shields (who is African-American), learned how to swim on his way over from Africa on the boat or words to that effect. Mr. Shields attempted to get up and fell hitting his head and losing consciousness.

ix. ● Has allowed County Manager Lance Pyle unfettered access to the detention facility in violation of the PREA because Mr. Pyle has engaged in sexual harassment including showing a female employee who he directly supervised as Mayor of Melrose graphic pornographic films of anal sodomy that he possessed, took the same employee into an adult book store where graphic materials were openly displayed; and otherwise sexually harassed and retaliated against the employee because she rebuffed his clumsy, inept, and inappropriate sexual advances. In addition, he has been accused by the County Clerk of creating a hostile work environment because of her sex.

## V. COUNT II

**VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS SECURED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983**

Pleading in the alternative, and without prejudice to the allegations contained above and below. Plaintiff states:

**A.     Custom or Policy of Failure to train and/or supervise as to Supervisory officer Sandoval**

36.     The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

37.     Plaintiff's incarceration was unconstitutionally cruel and unusual because the Defendant lacked adequate training and/or supervision to properly determine proper use of force.

38.     These failures to train and/or properly supervise Curry County detention personnel violated Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

## VI. COUNT III

### CUSTOM AND POLICY OF VIOLATING CONSTITUTIONAL RIGHTS

39.     The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

40.     Defendant County has delegate the responsibilities of operating the Curry County Detention Center to Defendant Sandoval.

41.     Pursuant to state law, jail administrators acting in their official capacity are regarded as the final policy makers of their respective institutions.

42.     Defendant Sandoval was therefore the final policy maker responsible for the hiring training and supervision of Detention employees during their respective tenures.

43.     Defendant Sandoval's policies therefore became the customs and policies of the County.

44. Defendant Board hired Sandoval to address problems at the Detention Center.

45. Defendant Sandoval and County carried on a policy of allowing false reports to be made and assaults and batteries on inmates by detention officers to occur.

46. The policies, customs, decisions and practices of Defendant Sandoval have created a climate at the Detention Center whereby the Plaintiff and others similarly situated are deprived of adequate medical care and humane conditions of incarceration.

47. Defendant Sandoval and County carried on a policy of using segregation as punishment for inmates complaining of systemic failure in the detention center including lack of potable water.

48. There is a causal connection between Defendant's Sandoval's policies and the violation of Plaintiff's constitutional rights, which amounts to deliberate indifference.

### VII. COUNT IV

### VIOLATION OF PROCEDURAL DUE PROCESS

49. The allegations contained above and below are incorporated herein by reference.

50. Inmates in the Correctional facility generally have access to recreation, visitation, use of the telephone, mail, programming services such as group therapy and religious activities, and commissary.

51. Plaintiff was placed into extraordinary periods of solitary confinement as punishment for complaining about lack of water in POD 4.

52. While in solitary Plaintiff had no access to the ordinary services provided to inmates in the jail.

53. Defendant County and Sandoval arbitrarily placed Plaintiff into solitary confinement and failed to have any meaningful classification review thereafter.

54. Plaintiff had a due process right to a periodic review of his classification.

55. In placing Plaintiff in solitary confinement for such periods of time without affording him a hearing, or periodic classification review, Defendants denied Plaintiff procedural due process of law as guaranteed by the 14th Amendment to the United States Constitution.

## VIII. COUNT V.

### Claim for Relief-Aggravated Battery

### DEFENDANT KING

56. The Plaintiff incorporates by reference the proceeding paragraphs as though they were stated fully herein.

16

57.     In undertaking the actions described above, Defendant King intended to cause a harmful and offensive contact with Plaintiff.

58.     In undertaking the actions described above, Defendant caused an offensive contact with Plaintiff to occur.

59.     Plaintiff suffered pain and injuries as a result of Defendants actions.

60.     The Defendant actions as described in the preceding paragraphs, constitute a battery and aggravated battery with a deadly weapon under New Mexico law for which immunity has been waived by §41-4-12.

### IX.     Count V- Aggravated Assault
### DEFENDANT KING

61.     The Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

62. The Defendant King acted intentionally or knowingly by threatening Plaintiff with imminent bodily harm by use of his foot and arm which is a deadly weapon.

63.     Defendant's threats caused injury to the Plaintiff.

64.     The Defendant's actions as described in the preceding paragraphs constitute an assault and aggravated assault under New Mexico law for which immunity has been waived by §41-4-12.

65. Defendants Montano and Knight ratified, approved and covered up Defendant King's wrongdoing.

## X. COUNT VI. State tort Claims against Defendant Board of County Commissioners

66. The Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

67. Defendant Curry County Board of County Commissioners as the Defendant King, Montano and Knight's employer, is vicariously liable for the torts they committed within the course and scope of their duty as a law enforcement officers.

68. Plaintiff has been damaged by Defendant's actions and non-actions.

## XI. PRAYER FOR RELIEF:

WHEREFORE, Plaintiff asks for judgment against the Defendants in an amount commensurate with the evidence, including, without limitation:

69. actual damages;

70. Punitive damages;

71. Pre-and post- judgment interest;

72. Costs incurred herein;

73. Attorney's fees as allowed by law pursuant to 42 USC §1988;

74.     Injunctive relief;

75.     And for all other relief just and proper in the premises.

### XII.    DEMAND FOR TRIAL BY JURY

Comes Now, Plaintiff and makes demand for a trial before a jury on all such issues so determinable.

76.     The Seventh Amendment (right to jury trial), applies to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law.

77.     When Congress provides for enforcement of statutory rights in an ordinary civil action in the district courts, where there is obviously no functional justification for denying the jury trial right, a jury trial must be made available if the action involves rights and remedies of the sort typically enforced in an action at law. *Curtis v. Loether,* 415U.S.189,194-95, 94 S.Ct.1005, 1008,  39L. Ed. 2d 260 (1974).

Respectfully Submitted:

/s/ Eric D. Dixon

_____
Eric D. Dixon
Attorney and Counselor at Law, P.A.
301 South Avenue A,
Portales, New Mexico, 88130
(575) 359-1233
Facsimile: (575) 356-4946
Attorney for Plaintiff

20