IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT WEBBER.

        Plaintiff,

        v.                                    Case No. 15-CV-478 WJ/LAM

THE BOARD OF COUNTY COMMISSIONERS
FOR CURRY COUNTY, New Mexico,
a political sub-division of The State of New Mexico,
TORI SANDOVAL, in her official capacity
as Administrator of the Curry County Detention Center,
and individually, JONATHAN KING, individually

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS BASED ON QUALIFIED
IMMUNITY AS TO COUNTS I, II AND PART OF COUNT III**

THIS MATTER comes before the Court upon a Motion for Qualified Immunity on Plaintiff's Fourteenth and Eighth Amendment Claims filed by Defendant Sandoval and Defendant Curry County ("the county") on February 23, 2016 **(Doc. 27)**. Having reviewed the parties' briefs and applicable law, I find that Defendant's motion is well-taken and shall be granted in that Counts I and II are hereby dismissed and Count III is dismissed to the extent that it alleges a denial of adequate medical care.

## BACKGROUND

In this case, Plaintiff sues Defendants for violations of his Eighth and Fourteenth Amendment rights, based on Defendant King's alleged use of excessive force. At the time of the underlying incidents, Plaintiff was an inmate in the segregation unit (or "solitary confinement" at

the Curry County Adult Detention Center ('detention center"). Plaintiff asserts that he had been placed in the segregation unit as punishment for objecting to the water being turned off in Pod Four for "weeks at a time." Compl., ¶14.

On March 26, 2015, Plaintiff extended his left arm out of the food port of the cell door with a cup in his hand and requested some juice from Defendant King, a corrections officer at the detention center. Defendant King refused to get Plaintiff juice, and shut the food port door forcibly by hand and then by forcibly kicking it twice while Plaintiff's arm was still in the door. Plaintiff alleges that he suffered severe pain and trauma to the left arm as a result of Defendant King's conduct. Plaintiff filed an internal grievance about the incident on March 26th, 2015, which was ignored. Compl., ¶19.

Plaintiff alleges that his request for immediate medical treatment was ignored and his injuries were left untreated. He states that Defendant Sandoval, detention center administrator, was personally present when Plaintiff was interviewed by the Curry County Sheriff's office regarding the incident and that she was personally aware of the facts surrounding the incident but did nothing to have Plaintiff properly treated even after March 30th, 2015. Compl, ¶¶19-21. Plaintiff requested that Defendant Sandoval provide ice packs for his arm. Instead, he was given a medical release form to fill out. He made numerous medical requests and was finally given five days of Tylenol for his injuries. Compl., ¶21. Defendant King was terminated by the county for excessive use of force as a result of the incident. The complaint also states that King was charged with simple battery and "given an unusually light sentence of a conditional discharge and 182 days of unsupervised probation. . . with the knowledge and consent of Tori Sandoval." Compl., ¶¶23-24.

Plaintiff asserts claims of municipal liability in Counts I, II and III. Count IV alleges a violation of procedural due process based on Plaintiff's placement in the solitary confinement. Counts V and IV allege claims of aggravated battery and aggravated assault. Count VI asserts state tort claims against the Curry County Board of County Commissioners. The instant motion seeks relief only as to Count I, Count II and part of Count III.

## DISCUSSION

Defendants Sandoval and the county (hereinafter, "Defendants") seek an Order dismissing Counts I, II and III, all of which are premised on a "custom or policy" of failure to train and/or supervise "as to supervisory employee Sandoval." Compl. at 9 and 13.

Count I is directed at the county's failure to train/supervise based on Defendant Sandoval's practice of allowing corrections officers to falsify reports of violence against inmates and failing to investigate these occurrences. Count II alleges that the failure to train/supervise on the proper use of force violated Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution. Count III bases the allegations of an unconstitutional custom or policy on the county's delegation of policymaking to Defendant Sandoval and that these policies deprive the detention center inmates of adequate medical care and humane conditions. Count IV alleges a violation of procedural due process based on Plaintiff's placement in the segregation unit. There are two "Count V's": one alleging aggravated battery against Defendant King and the other alleging aggravated assault against King. Count VI (which should be numbered Count VII) asserts state tort claims against the Curry County Board of County Commissioners. The instant motion seeks dismissal of Counts I and III, and partial dismissal of Count II.

**I.      Legal Standard**

Defendants raise the defense of qualified immunity. Qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff to show both that the defendant's alleged conduct violated the law and that that law was clearly established when the alleged violation occurred. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). A right is clearly established "if [t]he contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id*. The challenged action need not have been previously declared unlawful, but its unlawfulness must be evident in light of existing law. *Beedle vs. Wilson*, 422 F.3d 1059 (10th Cir. 2005). This is generally accomplished when there is controlling authority on point or when the clearly established weight of authority from other courts supports plaintiff's interpretation of the law. *Id*.

The Court applies the same standard in evaluating the merits of a motion to dismiss in qualified immunity cases as to dismissal motions generally: a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must accept as true all well pleaded facts, as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the non-moving party. *Shero v. City of Grove, Okl.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Twombly*, 550 U.S. 544). The complaint must plead sufficient facts, taken as true, to provide plausible grounds that discovery will reveal evidence to support the plaintiff's allegations. *Id*.

**II.     Analysis**

Defendant Sandoval is named in this lawsuit in both her individual and official capacities. Defendants seek dismissal of Defendant Sandoval from Count I on the ground that Sandoval had no individual participation in the alleged deprivation of Plaintiff's rights. Defendants also seek dismissal of Counts II and III (to the extent Count III alleges a denial of medical care) because there is no allegation that there was a substantial risk of harm that was known but ignored by Defendant Sandoval, and because there is no pattern or practice alleged in the complaint to support a theory of liability against the county.

Before proceeding to Defendant's arguments, the Court makes several observations which will hopefully clarify the Court's discussion. Counts I, II and III all implicate Defendant Sandoval and her role in training and supervising detention center employees. Further, while Counts I and II implicate allegations related to an improper use of force at the detention center, Plaintiff alleges no claim of excessive force anywhere in the complaint, against Defendant King or any other individual. Count III alleges that the "policies, customs, decisions and practices" of Defendant Sandoval as the county's final policy maker have "created a climate" at the detention center where inmates are "deprived of adequate medical care and humane conditions of incarceration." Compl., ¶46. However, Plaintiff does not allege any claim of denial of medical care against Defendant Sandoval or any other individual. Plaintiff has alleged a procedural due process claim in Count IV against the county and Defendant Sandoval based on his placement in solitary confinement.

   A.     <u>Count I</u>

Defendants seek dismissal of Sandoval from Count I in her individual capacity. Count I includes a list of various incidents involving use of force by corrections officers against other

inmates, and asserts that Defendant Sandoval's failure to investigate reports of these incidents has resulted in a custom or policy of allowing these incidents to continue because of a failure to train and/or supervise.

In alleging a claim of unconstitutional custom or policy in Count I, Plaintiff asserts a claim against an entity, in this case the county, as opposed to an individual. *See Barney v. Pulsipher*, 143 F. 3d 1299, 1307 (10th Cir. 1998) (municipality may be held liable under § 1983 only for its own unconstitutional or illegal policies and not for the tortious acts of its employees) (citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978)). Thus, Defendant Sandoval cannot be held liable in her individual capacity as part of a municipal liability claim.

Defendants also note that because Sandoval had no direct involvement in the food port incident and because Plaintiff does not assert that Sandoval acquiesced in its occurrence, Count I must fail. The Court agrees. Individual liability under §1983 must be based on personal involvement in the alleged constitutional violation. *See.Meade v. Grubbs*, 841 F.2d 1512, 1527-28 (10th Cir. 1988) (to succeed on a complaint brought pursuant to 42 U.S.C. §1983, plaintiffs must allege some personal involvement by defendants in the constitutional violation); *Mitchell v. Forsyth*, 472 U.S. 511 (1985).  Plaintiff has alleged that the county's custom or policy, based on Defendant Sandoval's failure to train and/or supervise, has fostered a climate where the constitutional rights of inmates are ignored, but he has not specifically alleged a deprivation of his constitutional rights against any individual defendant.  Plaintiff's failure to do so dooms Count I.  Municipal liability claims must be based on an underlying constitutional violation, but nowhere in the complaint does Plaintiff allege an underlying claim of excessive or improper use of force. *See Butler v. City of Prairie Village*, 172 F.3d 736, 747 (10th Cir. 1999).[1]

---

[1] The Court notes that the claims alleged in Count V and VI (numbered as two "Count V's") cannot form the basis of an underlying constitutional claim since they are alleged under state law.

Part of the qualified immunity analysis is determining whether the facts alleged or shown by a plaintiff make out a violation of a constitutional right. *See Pearson v. Callahan,* 555 U.S. 223 (2009). Plaintiff has jumped ahead to asserting claims against the county before alleging facts showing that the specific conduct of an individual or individuals violated his right to be free from the use of excessive or improper force. In the fact section of the complaint, Plaintiff states that Defendant Sandoval was present during Plaintiff's interview about the food port door incident resulting in his arm injury, Compl., ¶21, but there is no claim against Defendant Sandoval based on her own conduct or participation in that incident, or against any individual asserting conduct that violated Plaintiff's rights against excessive use of force.[2] The *Iqbal/Twombly* standard requires that a claim be pled with facts that are plausible on its face. In this case, Plaintiff has pled no claim in the complaint that alleges excessive force under federal law.

It is not the Court's responsibility to parse Plaintiff's general collection of facts into discrete claims and because Plaintiff is represented by counsel, he is not entitled, and will not be afforded, a liberal construction of his complaint. *See Shah v. County of Los Angeles,* 797 F.2d 743, 745 n. 1 (9th Cir.1986) (declining to broaden complaint of plaintiff represented by counsel); *cmp. Healey v. Scovone*, 1999 WL 535298, 1 (10th Cir. 1999) (federal courts are to liberally construe "inartful pleading" of pro se litigants) (citing *Boag v. MacDougall,* 454 U.S. 364, 365 (1982). Accordingly, Count I will be dismissed because Plaintiff has not alleged Defendant

---

[2] Nor would Defendant Sandoval's conduct alone serve as a basis to hold the county liable because liability for an entity cannot be predicated on the doctrine of *respondeat superior*. *See Monell v. New York City Dept. of Soc. Servs*., 436 U.S. 658, 691 (1978); *Jett v. Dallas Independent School Dist*., 491 U.S. 701, 710 (1989); *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1211 (10th Cir. 2007).

7

Sandoval's personal involvement in that claim, and has not alleged a claim of excessive or improper use of force against any other individual.[3]

B. Count II

Count II asserts a claim under §1983 based on the existence of a "custom or policy" of failure to train and/or supervise by Defendant Sandoval, and that this failure violated Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment. In this claim, Plaintiff asserts that his incarceration was unconstitutionally cruel and unusual because Defendant "lacked adequate training and/or supervision to properly determine proper use of force." Compl., ¶ 37. Defendants seek to dismiss Count II because there is no allegation that Defendant Sandoval knew of a substantial risk of harm to Plaintiff due to his purported arm injury or that she was personally involved in the denial of medical services.[4]

The Court agrees with Defendants that Count II should be dismissed. Plaintiff asserts that a "custom or policy" is responsible for a denial of his right to be free from cruel and unusual punishment under the Eighth Amendment, but Plaintiff has not pled any claim against Sandoval or any other individual with facts showing a connection between those specific facts and how his constitutional rights were violated. In the fact section of the complaint, Plaintiff states that Defendant Sandoval was present during Plaintiff's interview about the food port door incident resulting in his arm injury, Compl., ¶21, but there is no claim against Defendant Sandoval based on her own conduct or participation in that incident, or against any individual asserting conduct

---

[3] In *Pearson,* the United States Supreme Court held that the district court may use its discretion in deciding which of the two prongs should be addressed first in the qualified immunity analysis. 555 U.S. at 226. Qualified immunity is not available as a defense to municipal liability. *See Owen v. City of Independence*, 445 U.S. 622, 638 (1980); *Seamons v. Snow*, 206 F.3d 1021, 1029 (10th Cir. 2000). Therefore, the Court's dismissal of the municipal liability claims would of course be based on the *Iqbal/Twombly* standard rather than qualified immunity.

[4] Count II alleges a claim against the county based only on a lack of supervision and/or training related to a "proper use of force" and does not mention denial of medical care, although Defendants includes this theory as part of their argument for dismissal.

that violated Plaintiff's rights against excessive use of force. Count II should therefore be dismissed, and will be, for the same reason that Count I will be dismissed.

Count III is also a claim against the county and alleges that Defendant Sandoval, as a final policy maker for employee training and supervision, "created a climate" where inmates are deprived of adequate medical care and humane conditions of incarceration. Compl., ¶46. Defendant contends that to the extent Count III asserts municipal liability for inadequate medical care, the claim should be dismissed because Plaintiff does not provide any support to this claim in the body of the complaint. This is true. There are no factual allegations whatsoever in the complaint alleging that any individual, including Defendant Sandoval, denied Plaintiff adequate medical care. In the fact section of the complaint, Plaintiff states that he requested that Defendant Sandoval provide him with ice packs for his arm, but "he was given a medical release form to fill out" and that despite making "numerous medical requests," he was "finally given give days of Tylenol for his injuries." Compl., ¶21. These facts never found their way into a claim asserting denial of medical care against Defendant Sandoval or any other individual defendant. Again, that part of Plaintiff's municipal liability claim in Count III which is premised on a denial of adequate medical care does not substitute for a basic claim asserting a deprivation of that constitutional right. As with Counts I and II, there can be no municipal liability claim without an underlying constitutional claim. *See DeAnzona v. City and County of Denver*, 222 F.3d 1229, 1236 (10th Cir. 2000) (plaintiff must show underlying constitutional violation to establish a *Monell* claim).

## CONCLUSION

In sum, the Court finds and concludes that:

(1)     Count I shall be dismissed because Plaintiff has not alleged Defendant Sandoval's personal involvement in that claim, nor has he alleged a claim of excessive or improper use of force against any other individual, with the Court finding that Defendant Sandoval is entitled to qualified immunity and that the county is dismissed in this count under *Iqbal/Twombly*;

(2)     Count II shall also be dismissed because Plaintiff has not alleged any claim against Defendant Sandoval based on her own conduct or participation in that incident, or against any individual asserting conduct that violated Plaintiff's rights against excessive use of force, with the Court finding that Defendant Sandoval is entitled to qualified immunity and that the county is dismissed in this count under *Iqbal/Twombly*;

(3)     Count III shall be dismissed only to the extent that it asserts a municipal liability claim for inadequate medical care because Plaintiff has asserted no claim that any defendant denied him adequate medical care.  Plaintiff has elsewhere, in Count IV, alleged an underlying claim of due process deprivation related to his placement in solitary confinement, and so that part of Count III referring to this alleged deprivation remains viable at this stage.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Qualified Immunity on Plaintiff's Fourteenth and Eighth Amendment Claims filed by Defendant Sandoval and Defendant Curry County **(Doc. 27)** is hereby GRANTED in that (1) Defendant Sandoval is entitled to qualified immunity on Counts I and II and Count III to the extent that the claim asserts municipal liability for inadequate medical care and is not a claim against an individual for a deprivation of constitutional rights; (2) Counts I and II are dismissed because Plaintiff has asserted no underlying claim for deprivation of his constitutional rights related to use of excessive or

improper force on which to base a municipal liability claim; Count III is dismissed only to the extent that it asserts a municipal liability claim for inadequate medical care because Plaintiff has asserted no underlying claim for deprivation of his constitutional right to adequate medical care on which to base a claim against the county.

_____
UNITED STATES DISTRICT JUDGE