IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

ROBERT WEBBER.

    Plaintiff,

    v.          Case No. 15-CV-478 WJ/LAM

THE BOARD OF COUNTY COMMISSIONERS
FOR CURRY COUNTY, New Mexico,
a political sub-division of The State of New Mexico,
TORI SANDOVAL, in her official capacity
as Administrator of the Curry County Detention Center,
and individually, JONATHAN KING, individually

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO STRIKE SUMMARY JUDGMENT EXHIBITS B THROUGH M

THIS MATTER comes before the court upon Plaintiff's Motion to Strike Summary Judgment Exhibits B through M, filed September 22, 2016 **(Doc. 49)**. Having reviewed the parties' briefs and applicable law, the Court finds that Defendants' motion is not well-taken and, therefore, is denied.

In this lawsuit, Plaintiff alleges violations of his constitutional rights when he was placed in the segregation unit at the Curry County Adult Detention Center. On September 15, 2016, Defendant filed its Motion for Summary Judgment on Remaining Constitutional Claims on the Basis of Qualified Immunity (Doc. 47), which is pending before the Court. Plaintiff moves to strike Defendant's Exhibits B through M which are attached to that motion on the grounds that they are unauthenticated, inadmissible hearsay and/or are irrelevant to the proceedings.

The exhibits, attached to Plaintiff's motion, can be grouped into three categories: (1) that certain exhibits are too remote in time from the assault and battery that forms the basis for the lawsuit; (2) that the documents are an inadmissible attempt to put Plaintiff in a "bad light"; and (3) that certain documents are inadmissible because they lack authentication.

**I.      Remoteness in Time**

Plaintiff contends that Exhibits B, E, F, G, H, I, L and J should be stricken because the time between these incidents and the food port incident which occurred on March 26, 2015 render these exhibits inadmissible. These exhibits are as follows:

- Exhibit B is a classification assessment dated May 4, 2014, stating that Plaintiff acknowledges that he is being placed in general population and that "my behavior is what will keep me in general population";

- Exhibit E is a reclassification/transfer form dated May 29, 2014 which states that Plaintiff was scared of his cell mates because "[t]hey said he was stealing their property";

- Exhibit F is another reclassification/transfer form dated May 31, 2014 regarding a "lockdown" due to issues with Plaintiff and another inmate;

- Exhibit G is an report dated July 4, 2014 regarding an incident that took place on June 27, 2014, describing an incident where Plaintiff spit on another inmate, was restrained in his cell and then taken into a segregated cell, and spit on a corrections officer;

- Exhibit H is a reclassification/transfer form stating that Plaintiff was "fired from kitchen";

- Exhibit I is a reclassification/transfer form regards "distraction problems" (the rest is illegible);

- Exhibit J is a report regarding a February 20, 2015 incident stating that Plaintiff had damaged the window between Pod 7 and the inside hallway by removing a three-inch area of tint from the windows so that inmates could view the hallway area;

- Exhibit L is a reclassification/transfer form noting that on March 13, 2015, Plaintiff was moved to segregation.

Defendants contend that these exhibits are relevant to Plaintiff's entire period of incarceration which has been placed at issue in this case. Whether an inmate's conditions of confinement pose an "atypical and significant hardship" in violation of the Constitution, four factors are considered. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293 (1995); *Dodge v. Shoemaker*, 695 F. Supp. 2d 1127, 1138 (D. Colo. 2010). These include, (1) whether the segregation relates to and furthers a legitimate penological interest, such as safety or rehabilitation; (2) whether the conditions of placement are extreme; (3) whether the placement increases the duration of the confinement; and (4) whether the placement is indeterminate. *Dodge*, supra. citing *DiMarco v. Wyoming Dep't of Corrections*, 473 F.3d 1334, 1342 (10th Cir. 2007). In Counts III and IV of the complaint Plaintiff has asserted due process violations stemming from his placement in segregation while incarcerated at the detention center based on an alleged failure to properly conduct classification reviews and provide "humane conditions of incarceration." *See* Compl., ¶¶46-47.[1]

The exhibits presented by Defendants span the time between May 2014 and March 2015, during the time Plaintiff was incarcerated, and lead up to the incident which forms the basis for this lawsuit. The reclassification forms and incident reports—one including a criminal damage report—are indeed relevant to the lawsuit. Defendants are entitled to put on a defense to this case by showing their position on the basis for placing Plaintiff in segregation and to support their argument that Plaintiff was in fact periodically reassessed. Therefore, Plaintiff's objections to these exhibits because of remoteness in time are overruled as to their use in Defendant's summary judgment motion.

---

[1] Defendants state the Plaintiff's due process claims are asserted in Counts *II* and IV. *See* Doc. 55 at 2 and 3. However, Count II is alleged as a municipal liability claim based on failure to train and supervise, and was dismissed by the Court. *See* Doc. 37 at 10-11. The Court partially dismissed Count III to the extent that it asserted a municipal liability claim for inadequate medical care, but that portion of Count III relating to due process violation still survives.

**II.     Putting Plaintiff in a "Bad Light"**

Exhibits C, D, K and M are copies of affidavits for arrest warrants (Exs. C & K, dated May 11, 2014 and March 15, 2015) and two separate alleged battery convictions (Exs. D & M, dated May 29, 2014 and May 1, 2015). Plaintiff contends that there is no other purpose to these exhibits except to show that the Plaintiff is a "bad person." Defendants claim that these exhibits are intended to show the penological, safety and rehabilitation interests of the detention center which are required as part of the four-factor *Dodge* test. The incidents discussed in the exhibits occurred while Plaintiff was incarcerated, and the Court finds that these exhibits are directly relevant to Plaintiff's due process claims in Counts III and IV of the Complaint and thus admissible for summary judgment purposes.

Plaintiff challenges the foundation for these records, but the Court finds there is no reason not to consider them on summary judgment. *See Hardy v. S.F. Phosphates Ltd.*, 185 F.3d 1076, 1082 n.5 (10th Cir. 1999) (at summary judgment stage, the parties need not submit evidence in a form admissible at trial, but the content or the substance of the evidence must be admissible). The Judgment and Sentences (Exs. D & M) are signed, dated and stamped by the Curry County Magistrate Court in Clovis, New Mexico. In his deposition, Plaintiff has also admitted to engaging in fights with several named inmates, and this is reflected in the Sheriff's Department reports and affidavits. *See* Ex.1 (attached to Defendants' response) at 55:14-56:7, 57:14-58:4;[2] and Doc. 47, Exs. C, G and K). Also, as Defendants note, Plaintiff has admitted to these convictions in his deposition. *See* Ex. 1 (Webber Dep., at 50-53).

---

[2] Defendant also cites to pages 52:11-24 in Exhibit 1, which seem to be missing from the exhibits attached to Defendants' summary judgment motion.

4

**III.    Lack of Authentication**

Plaintiff claims that detention center documents Exhibits B, E, F, H, I (described above) and Sheriff's Office reports attached as Exhibits G and J should be stricken due to a lack of authenticity or foundation.  Defendants contend that these are admissible business records pursuant to Fed.R.Evid. 803(6), and have attached an affidavit by the custodian of records for the Sheriff's Office as Exhibit 2 to the response which states that these exhibits conform to the requirements of Rule 803(6).[3]

Accordingly, Plaintiff has not presented any reasons to strike any of the exhibits, and his objections to those exhibits are overruled.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Strike Summary Judgment Exhibits B through M **(Doc. 49)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Defendants refer to a business records exception Rule 908 (*see* Doc. 55 at 5), but this particular exception is found in Fed.R.Evid. 803(6).  Plaintiff fusses about the "untimely" submission of the affidavit submitted by Defendants to establish these documents as business records, but the Court reminds Plaintiff that while Defendants' submission is helpful, it was not necessary at the summary judgment stage since it goes to form and not substance.  Thus, the timeliness of the submission is not an issue.